UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN REINER,

          Plaintiff,

    v.

SHANE HOFELING, ET AL.,

          Defendant.

Case No. 2:25-cv-02376-DC-CKD (PS)

ORDER AND FINDINGS & RECOMMENDATIONS

(ECF Nos. 8, 9, 12, 21)

Pending before the Court are Defendants Leah Wilson, Ellin Davtyan, Shane Hoefling, Donna Sampson, the Honorable Patricia Guerrero, and Biying Jia's motions to dismiss and Defendants Guerrero and Jia's motion to declare Plaintiff Martin Reiner a vexatious litigant.[1] (ECF No. 8, 9, 12.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the March 26, 2026 hearing.

For the reasons that follow, the Court RECOMMENDS granting Defendants' motions to dismiss without leave to amend and granting Defendants Guerrero and Jia's motion to declare Plaintiff a vexatious litigant.

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I.    BACKGROUND[2]

### A.    Prior Proceedings

On March 19, 2014, the State Bar Court of California found Plaintiff Martin Reiner to have willfully disobeyed three court orders issued by workers' compensation administrative law judges and recommended he be suspended from practicing law for two years. *See In the Matter of Martin Barrett Reiner*, Case No. 09-O-10207.[3] Upon finding that Plaintiff willfully violated the terms of his suspension order, Plaintiff was disbarred on August 24, 2015. *See In the Matter of Martin Barrett Reiner*, Case No. 14-N-06382-PEM.

Plaintiff subsequently filed 19 actions before the Superior Court of California, Counties of Los Angeles, and before the United States District Court in the Central, Northern, and Southern Districts of California and in the Central District of Columbia. (ECF No. 22.) Plaintiff was subsequently declared a vexatious litigant in the State of California as well as in the Central and Northern Districts of California. (ECF No. 21 at 2.)

### B.    Current Litigation

Plaintiff commenced this action on August 20, 2025, against Defendants Shane Hofeling, Donna Sampson, Biying Jia, the Honorable Patricia Guerrero, Leah Wilson, and Ellin Davtyan. (ECF No. 1.) Plaintiff's complaint alleges that these Defendants engaged in concerted misconduct after Plaintiff had allegedly "uncovered insurance fraud" while defending a case being litigated before the California Workers' Compensation Appeals Board ("WCAB"). *Id*. at ¶¶ 14-16. Plaintiff asserts that the California Bar failed to prove all elements necessary to satisfy their burden of proof and committed extrinsic fraud. *Id*. at ¶¶ 15-16. Plaintiff further alleges Defendant Jia engaged in wrongdoing as a California Supreme Court deputy clerk by "wrongfully obstructing" Plaintiff's petition for review of his disciplinary matters on August 21, 2023. *Id*. at ¶ 17. Plaintiff alleges Defendant Guerrero was aware of the alleged misconduct and a "conspiring

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

[3] "[A] court may take judicial notice of its own records in other cases[.]" *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

participant." *Id*. at ¶ 18.

Plaintiff alleges that the misconduct extends to the State Bar Association as well, alleging that Defendants Wilson and Davtyan, officers of the California State Bar Association instructed the California Franchise Tax Board ("CFTC") to "wrongfully impose a levy [on Plaintiff's bank]." *Id*. at ¶ 15. Plaintiff alleges that Defendant Sampson, a CFTC employee, failed to properly investigate Plaintiff's reported concerns. *Id*. at ¶ 19. Plaintiff alleges Defendants Jia, Wilson, Davtyan, Sampson, and Doe Defendants participated in a conspiracy to deprive Plaintiff of his First and Fourteenth Amendment rights under Section 1983 in their individual capacities and against Defendants Hofeling and Guerrero in their official capacities. *Id*. at ¶¶ 22-23.

## II.    LEGAL STANDARDS

### A.    Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

## III.    DISCUSSION

### A.    Requests for Judicial Notice (ECF Nos. 8-1, 13, 20, 22-6)

A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b); *see Intri-Plex Techs. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007).

Defendants Wilson and Davtyan request judicial notice of the existence and authenticity of the State Bar Court Hearing Department and court records attached as Exhibits 1-8 in support of their motion to dismiss. (ECF No. 8-1.) Defendants Guerrero and Jia request judicial notice of the authenticity of the State Bar Court opinions, dockets and Superior Court records attached as exhibits 1-5 in support of their motion to dismiss. (ECF No. 13). Defendants Guerrero and Jia also request judicial notice of several Superior Court and United States District Court filings and records attached as Exhibits 1-75 in support of their motion to declare Plaintiff a vexatious litigant. (ECF No. 22-6.)  Good cause appearing, the request to take judicial notice of these court records is granted. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Evid. 201(b).

Plaintiff separately requests judicial notice of the following adjudicative facts: that the culpability decision rendered by the California State Bar is legally null and void because it "was procured by extrinsic fraud," and that "every disposition issued subsequent" is legally null and void. (ECF No. 20.) "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." *Wood v. McEwen*, 644 F.2d 797, 801. Plaintiff's excerpts fail to demonstrate extrinsic fraud, as explained further below. The Court denies Plaintiff's motion for judicial notice of adjudicative facts.

**B.     *Rooker-Feldman* Doctrine Bars this Case**

Federal district courts do not have appellate jurisdiction over state courts. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Federal courts lack jurisdiction to exercise appellate review over final state court judgments. *Id.*; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The *Rooker-Feldman* doctrine prevents "a party losing in state court ...

4

from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)).

Here, it is apparent that Plaintiff's action is a de facto appeal. *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff."). Plaintiff seeks, among other things, injunctive relief ordering the disciplinary debt collection efforts by the Franchise Tax Board to halt and an order allowing Plaintiff to file his petition for review on his suspension and disbarment orders to the California Supreme Court. (ECF No. 1 at ¶ 25(3)). "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court…" *MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir. 1969). Plaintiff's lawsuit appears to be inextricably intertwined with both his suspension and disbarment orders, as a favorable ruling would be grounds to invalidate the state orders. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

Additionally, Plaintiff fails to plead extrinsic fraud. "Extrinsic fraud is conduct which prevents a party from presenting his claim in court." *Wood v. McEwen*, 644 F.2d 797, 801. Plaintiff's Complaint fails to identify how Defendants' conduct prevented him from presenting his claims in court. Accordingly, Plaintiff's claims are barred under *Rooker-Feldman* doctrine, and the Court recommends dismissal for lack of subject matter jurisdiction without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

### C.   Vexatious Litigant Order

The undersigned also recommends that Plaintiff be deemed a vexatious litigant and that a

5

pre-filing order be issued against him. The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits). "However, such pre-filing orders are an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long*, 912 F.2d at 1147).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers ... or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." CAL.CODE CIV. PRO. § 391(b)(3).

The Ninth Circuit has articulated that the following four conditions must be met before the court enters a pre-filing review order: plaintiff must be given adequate notice to oppose the order; the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and the order must be narrowly tailored. *See DeLong*, 912 F.2d at 1147–48; *Molski*, 500 F.3d at 1057–58.

### 1. Notice and Opportunity to be Heard

The first factor simply requires that the litigant be given an opportunity to oppose the order before it is entered. *De Long*, 912 F.2d at 1147. An in-person hearing is not required. *See e.g.*, *Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) ("This factor is met here because the United States requested the order via a regularly noticed motion and Plaintiff has had an opportunity to file and in fact did file a written

opposition."); *Reddy v. MedQuist, Inc.*, No. CV 12–01324 PSG, 2012 WL 6020010, at *3 (N. D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not require an oral hearing; the opportunity to brief the issue fully satisfies due process requirements.")

On March 11, 2026, Plaintiff filed a written opposition to the motion to declare Plaintiff a vexatious litigant. (ECF No 25.) Therefore, this requirement is satisfied.

### 2.    Adequate Record for Review

A district court compiles a proper record for review where a complete list of the cases filed by the litigant, alongside those complaints, accompanies the vexatious litigant order. *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1063 (9th Cir. 2014). The number of lawsuits filed by the litigant need not be numerous. *See Boustred v. Government*, No. C-08-00546-RMW, 2008 WL 4287570 (N.D. Cal. Sept. 17, 2008) (finding "plaintiff has now brought three actions containing similar rambling, largely incomprehensible claims against a multitude of defendants" sufficient in terms of finding an "adequate record for review").

Defendants' motion to declare Plaintiff vexatious recounts Plaintiff's 19 "repetitive, frivolous lawsuits" filed over a span of 15 years. (ECF No. 21, 1-2). These actions include the following:

1.  *Reiner v. Cunningham*, C.D. Cal. case no. 11-cv-08353 (*see Id.*, Ex. A) (Section 1983 complaint brought against the Hon. David S. Cunningham III, Judge of the Superior Court, Los Angeles, dismissed with prejudice based on *Rooker-Feldman*).

2.  *Reiner v. State of California Dept. of Industrial Relations*, C.D. Cal. case no. 12-cv-08649 (*see Id*. Ex. A) (Section 1983 complaint against WCAB and its judges and employees, including the Hon. Dennis M. Perluss, Presiding Justice of the California Court of Appeal, Second Appellate District, Division Seven, dismissed based on *Rooker-Feldman*).

3.  *Reiner v. Rosenblatt,* C.D. Cal. case no. 15-cv-04982 (*see Id.,* Ex. A) (Section 1983 case against the Honorable Michelle Rosenblatt, Judge of the Superior Court of California, Count of Los Angeles dismissed for frivolity and absolute judicial

7

immunity).

4. *Reiner v. Graiwer,* C.D. Cal. case no. 15-cv-07577 (*see Id*. Ex. A) (Section 1983 complaint against the Hon. Tani Cantil-Sakauye, Chief Justice of California (ret.), four other California Supreme Court Justices, and the WCAB, its judges and employees, among others, dismissed based on *Rooker-Feldman*. Plaintiff found to be a vexatious litigant subject to prefiling order).

5. *Reiner v. Liefer*, C.D. Cal. case no 18-cv-10186 (*see Id*. Ex. A) (Section 1983 complaint against the WCAB judicial officers and employees, among others, dismissed because it fell within the scope of Plaintiff's vexatious litigant order).

6. *Reiner v. Greyhound Lines, Inc.,* C.D. Cal. case no. 18-cv-09950 (*See Id.* Ex. A) (Section 1983 complaint for conspiracy to violate Plaintiff's rights by filing an adverse opinion in a case filed in the Superior Court of California, County of Los Angeles, dismissed based on *Rooker-Feldman*).

7. *Riner v. Greyhound Lines, Inc.,* C.D. Cal. case no. 19-cv-08655 (*see Id*. Ex. A) (same allegations as No. 6 against the same defendants as well as three Justices of California Supreme Court dismissed for falling within the scope of Plaintiff's vexatious litigant order).

8. *Reiner v. Greyhound Lines, Inc.,* LASC case no. BC564127 (*see Id*. Ex. A) (intentional infliction of emotional distress claim based on alleged harassment for attempting to reveal insurance fraud and corruption while representing clients before the WCAB dismissed on anti-SLAPP motions).

9. *Reiner v. Martinez,* LASC case no. BC589989 (transferred to the Superior Court of California, County of Orange) (*see Id*. Ex. A) (Same claims and defendants as No. 8 dismissed without leave to amend based on judicial immunity).

10. *Reiner v. Graiwer,* LASC case no. BC593351 (*see Id*. Ex A) (Sections 1983 and 1985 and intentional infliction of emotional distress claims filed against thirteen judicial officers, and WCAB judges and employees, among others. Defendants filed a vexatious litigant motion requiring Plaintiff to post security. When Plaintiff failed to

8

post security, case was dismissed).

11. *Reiner v. Hollenhorst,* LASC case no. BC598593 (*see Id*. Ex. A) (Sections 1983 and 1985 and California Civil Code Section 52.1 claims filed against several judicial officers. Case dismissed without leave to amend after Plaintiff failed to comply with court order and did not appear to hearing on order to show cause).

12. *Reiner v. Conn.,* LASC case no. BC612160 (*see Id*. Ex. A) (Section 1983 complaint setting forth same allegations as No. 11. Demurrer sustained without leave to amend and judgment entered in defendants' favor).

13. *Reiner v. Caplan,* LASC case no. BC613627 (*see Id*. Ex. A) (Section 1983 and California Constitution Article I, Section 7 claims filed against WCAB and State Bar judges and employees. Judgment entered in favor of defendants).

14. *Reiner v. John Roberts,* D. D.C. case no. 20-cv-00031 (*see Id*. Ex. A) (Section 1983 case against the Hon. John Roberts, Chief Justice of the United States Supreme Court, and the Hon. Elena Kagan, Associate Justice of the United States Supreme Court, and two Supreme Court clerks dismissed *sua sponte* as "patently frivolous").

15. *Reiner v. Cantil-Sakauye,* S.D. Cal. case no. 21-cv-00219 (*see Id*. Ex. A) (RICO and Section 1983 actions against several judicial officers alleging wrongful denial for petitions for review of suspension and disbarment dismissed based on *Rooker-Feldman*).

16. *Reiner v. Holton*, S.D. Cal. case no. 21-cv-01454 (*see Id*. Ex. A) (42 U.S.C. §§ 1985 and 1986 claims against several juridical officers alleging conspiracy and retaliation dismissed with prejudice based on absolute judicial immunity).

17. *Reiner v. Navarrete*, S.D. Cal. case no. 21-cv-02077 (*see Id*. Ex. A) (complaint alleging violation of rights for being issued disbarment orders against several judicial officers and California Supreme Court clerks dismissed based on *Rooker-Feldman*).

18. *Reiner v. Ma*, SFSC case no. CGC-22-603692 (*see Id.* Ex. A) (complaint brought to declare suspension and disbarment orders void against same California Supreme Court clerks in No. 17 dismissed for Plaintiff not seeking prefiling order due to statewide

9

vexatious litigant order).

19. *Reiner v. Guerrero*, N.D. Cal. case no. 24-cv-05515-HSG (*see Id*. Ex. A) (complaint against same Defendants in No. 18 as well as two judicial officers and their attorneys alleging statewide vexatious litigant order was "null and void" dismissed based on *Rooker-Feldman*, collateral estoppel, judicial/quasi-judicial immunity, and *Noerr-Pennington* doctrine).

The volume of these filings in both federal and state court leads the undersigned to believe that the issuance of a vexatious litigant order against Plaintiff is appropriate and necessary. *See Lawless v. United States*, 797 F.Supp.3d 1132, 1140 (C.D. Cal. 2025).

3.   The Frivolous or Harassing Nature of Plaintiff's Litigation

To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir.1990) (absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's findings," a district court may not issue a pre-filing order). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's prior litigation conduct has been found to be frivolous or harassing by other federal districts. *See Reiner v. Graiwer,* 2015 WL 9999191, at *13 (C.D. Cal. Nov. 25, 2015); *see also Reiner v. Guerrero*, 2025 WL 1735673, at *9-10 (N.D. Cal. Jun. 23, 2025). The *Guerrero* order notes that Plaintiff has "[o]ver the past decade or more… continued to challenge the same State Bar Disciplinary orders and vexatious litigant order… even after being told that the federal district courts have no authority to review state court decisions under the *Rooker-Feldman* doctrine." *Guerrero*, 2025 WL 1735673, at *9. The *Graiwer* order describes Plaintiff's conduct as "a pattern of disobeying court orders and rules… attacking judicial officers and opposing counsel… [and] pursuing meritless positions…" *Graiwer*, 2015 WL 9999191, at *13. The undersigned agrees.

The Ninth Circuit has held that the five factors set forth in the opinion of the United States Court of Appeals for the Second Circuit in *Safir v. United States Lines, Inc*., are helpful in

10

determining whether a pre-filing vexatious litigant order shall issue.

### 4. *Safir* Factors

The five *Safir* factors are (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Molski*, 500 F.3d at 1058 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

#### a.   Vexatious, Harassing, or Duplicative History of Litigation

The first factor weighs in favor a prefiling order. As referenced above, Plaintiff has consistently brought frivolous and harassing claims regarding his suspension and disbarment orders.

#### b.   Litigant's Motive in Pursuing the Litigation

The second factor also weighs in favor of a pre-filing order. The Court has informed Plaintiff that his claim is barred in federal court via the *Rooker-Feldman* doctrine. Therefore, Plaintiff cannot expect to prevail in future lawsuits against Defendants regarding these claims.

#### c.   Whether the Litigant is Represented by Counsel

Because Plaintiff is not represented by counsel the court approaches the question of whether to issue a pre-filing order with due care. *See De Long,* 912 F.2d at 1147 (noting the use of pre-filing orders to curb access to courts should be done with care where a pro se litigant is involved yet recognizing the courts are also free to enjoin litigants with "abusive and lengthy histories"). The undersigned finds this factor does not outweigh Plaintiff's frivolous litigation tactics.

#### d.   Burden on Courts and Their Personnel

The fourth factor weighs in favor of a pre-filing order. Plaintiff has filed 20 actions in total, often with repeat defendants. Plaintiff's litigation has spanned four United States District Courts and three California Superior Courts. Critically, all of Plaintiff's actions have been

frivolous and harassing actions. This has likely imposed a burden on several defendants, including several judicial officers and court staff.

### e. Availability of Other Sanctions

The fifth factor weighs in favor a pre-filing order. Because Plaintiff has repeatedly failed to comply with the courts' instructions, monetary sanctions are unlikely to deter Plaintiff from filing future frivolous actions. Upon consideration of these factors and the Ninth Circuit's four-factor test in *De Long*, the undersigned finds a pre-filing vexatious litigant order is warranted. The undersigned recommends that Plaintiff be deemed a vexatious litigant and that a narrowly tailored pre-filing order as set forth below be issued.

### 5. Narrowly Tailored

Any pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior. *Molski*, 500 F.3d at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (citing *Woods v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983)). The undersigned recommends the following pre-filing order be entered against Plaintiff: "Plaintiff must obtain leave of court before filing any further suits regarding: (1) the sanctions order issued against Plaintiff in the WCAB; (2) the suspension/disbarment of Plaintiff from the practice of law in California; (3) the order declaring Plaintiff a vexatious litigant in California; (4) any prior lawsuit filed by Plaintiff the subject of which concerned the sanctions order in the WCAB, the suspension or disbarment of Plaintiff from the practice of law in California, and/or the order declaring Plaintiff a vexatious litigant in California."

### IV. CONCLUSION

It is ORDERED:

1. Defendants Leah Wilson and Ellin Davtyan's request for judicial notice (ECF No. 8-1) is GRANTED;

2. Defendants the Honorable Patricia Guerrero and Biying Jia's requests for judicial notice (ECF Nos. 13, 22-6) are GRANTED; and

3. Plaintiff's request for judicial notice of adjudicative facts (ECF No. 20) is DENIED.

12

Further, based upon the findings above, it is RECOMMENDED:

1.    Defendants Leah Wilson, Ellin Davtyan, Shane Hofeling, Donna Sampson, Patricia Guerrero, and Biying Jia's motions to dismiss (ECF Nos. 8, 9, 12) be GRANTED without leave to amend;

2.    Defendant Patricia Guerrero and Biying Jia's motion to declare Plaintiff Martin Reiner a vexatious litigant (ECF No. 21) be GRANTED; and

3.    Plaintiff be declared a vexatious litigant and ordered to submit for pre-filing review any pro se complaint to be filed in the Eastern District of California asserting claims arising out of (1) the sanctions order issued against Reiner in the WCAB; (2) the suspension/disbarment of Reiner from the practice of law in California; (3) the order declaring Reiner a vexatious litigant in California; (4) any prior lawsuit filed by Reiner the subject of which concerned the sanctions order in the WCAB, the suspension or disbarment of Reiner from the practice of law in California, and/or the order declaring Reiner a vexatious litigant in California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 6, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, rein.25.cv.2376

13